IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES E. KUROWSKI, <br>             Plaintiff, <br><br> v <br><br> CITY OF WASHINGTON, RON MCINTYRE, <br> Code Officer, and RON MCINTYRE, <br> Individually, <br>             Defendants. | ) <br> ) <br> ) <br> )   2:14-cv-1495 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM ORDER

Now pending before the Court is the MOTION FOR RECONSIDERATION (ECF No. 14) filed on December 23, 2014, by Plaintiff, Charles Kurowski.[1] In the motion, Plaintiff asks this Court reconsider its ruling, which denied his motion for a preliminary injunction on the basis of the *Younger* abstention doctrine and stayed the damages portion of this case pending the outcome of the parallel state-court proceedings making their way through the Washington County Court of Common Peas. "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v.*

---

1. Defendants were given until January 6, 2015, to file a response. To date, however, no response has been filed. On a related note, Plaintiff claims in his motion that after filing his supplement, he "waited for the court to set a briefing schedule which was never received." Pl.'s Mot. ¶ 5, ECF No. 14. By that point, however, the Court had already set a briefing schedule on Plaintiff's motion, having ordered Defendants to respond by December 9. *See* CM/ECF Text Order of Nov. 25, 2014. Per this Court's practices and procedures, Plaintiff had five days within which to file a reply brief after the filing of Defendant's response, if he desired to do so. *See* Practices and Procedures, Rule II(B) *available at* http://www.pawd.uscourts.gov/Documents/Public/Reference/mcverry.pdf. He chose note to. It should also be noted that Plaintiff should have – but did not – file a brief in support of his motion. *See id.* ("Briefs in support and opposition to substantive and dispositive motions which involve the merits of the case are required."). The Court, thus, ruled on the matter in light of the record as it existed at the time. Plaintiff had the opportunity to file additional briefing, but out of ignorance of this Court's rules, he missed out on his chance. The Court will not reopen the matter now to give him another opportunity.

1

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation and quotation marks omitted). A prior decision may be altered or amended only if the party seeking reconsideration demonstrates one of the following: (1) "an intervening change in the controlling law;" (2) "the availability of new evidence that was not available when the" motion under consideration was decided; or (3) "the need to correct a clear error of law or fact or prevent manifest injustice." *Id.* Plaintiff has not even attempted to address any of these factors. Nor has he addressed the specific basis of the Court's decision to deny his motion for preliminary injunction: the *Younger* abstention doctrine. He merely rehashes the arguments made in his prior filings and attempts to distinguish a few cases cited in Defendant's response, which the Court has already explained have no application in this case and which played absolutely no part in the Court's decision.[2] *See* ECF No. 12, at 4-5 n.2 (noting that Defendants cited "two Title VII cases which have absolutely no application to this case"). Accordingly, since Plaintiff has not established any basis upon which the Court should reconsider its prior ruling, his motion is hereby **DENIED**.

    **SO ORDERED**, this 13th day of January, 2015.

BY THE COURT:

/s/ Terrence F. McVerry\
Senior United States District Judge

---

2.     Relying on a pair of Pennsylvania cases, Plaintiff also seems to suggest that the Court was required to hold a hearing before issuing a decision on his motion. Contrary to this contention, however, there is no "absolute right to a hearing on a preliminary injunction motion." *Hynoski v. Columbia Cnty. Redevelopment Auth.*, 485 F. App'x 559, 563 (3d Cir. 2012). As the Court of Appeals has explained, "Federal Rule of Civil Procedure 65(a) provides that courts have the discretion to issue a preliminary injunction only after affording the adverse party notice. The rule mentions hearings but does not explicitly require one." *Id.* (citing *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175–76 (3d Cir. 1990); *Jackson v. Fair*, 846 F.2d 811, 819 (1st Cir. 1988)). Therefore, a district court's decision "not to hold an evidentiary hearing prior to denying the motion for a preliminary injunction [is reviewed] for abuse of discretion." *Id.* (citing *Elliott v. Kiesewetter*, 98 F.3d 47, 53 (3d Cir. 1996)). Because it was clear to the Court from the parties' filings that abstention was appropriate, no hearing was necessary.

cc: James R. Jeffries, Esq.
Email: jimmylaw_2002@yahoo.com

John F. Cambest, Esq.
Email: office@law-dmc.com